JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 14-cv-4985 | Date | 9/4/2014 |
|---|---|---|---|
| Title | *Ruben Serna v. NDEX West LLC, et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER GRANTING Defendant's Motion to Dismiss Plaintiff's Complaint [8]

The Court has considered defendant's motion to dismiss plaintiff's complaint and finds it suitable for determination without oral argument. Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing scheduled for September 8, 2014 is VACATED.

On June 26, 2014, Ruben Serna brought suit against NDEX West LLC, Pennymac Loan Services LLC, Citi Mortgage, Inc., and one hundred doe defendants. On August 6, 2014 defendants moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Local Rules required Serna to file an opposition. Local Rule 7-9. He failed to do so. Pursuant to Local Rule 7-12, the Court deems this failure as consent to dismissal.

Moreover, Serna's suit is barred by claim preclusion. Consistent with his pattern of abusing legal process to forestall foreclosure, Serna brought suit in this Court. But he already

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 14-cv-4985 | Date | 9/4/2014 |
|---|---|---|---|
| Title | *Ruben Serna v. NDEX West LLC, et al.* | | |

litigated the same case against the same parties in state court.  He lost there, and res judicata forbids him from trying again here.[1]  *Stewart v. U.S. Bankcorp*, 297 F.3d 953, 956 (9th Cir. 2002).  Because he is barred from litigating this claim, amendment would be futile.  Thus, dismissal with prejudice is appropriate.  *E.g.*, *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

The defendants' motion to dismiss the case is GRANTED.  The complaint is DISMISSED WITH PREJUDICE.

---

[1] The filings from related judicial proceedings are appropriate for judicial notice, even at the motion to dismiss stage.  *E.g.*, *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) ("[W]e may take judicial notice of matters of public record outside the pleadings. We here take judicial notice of a motion . . . filed in [another] suit." (internal citations omitted)).  Therefore, defendants request for judicial notice as to exhibits 1 – 6 is GRANTED.  [Dkt. 9, Req. for Jud. Notice, 2:4 – 18].

: 

Initials of Preparer       PMC